UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, DAVID COHEN, KEE PARTNERS, LLC, a Delaware limited liability company,<br><br>                              Plaintiffs,<br><br>v.<br><br>BOSTON NATIONAL TITLE AGENCY, LLC, a Florida limited liability company,<br><br>                              Defendant. | Case No.: 18-cv-0873-BAS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 29]** |

On December 4, 2018, the Court issued an Order granting in part and denying in part the parties' joint motion for an extension of time to bring a discovery dispute before the Court. (ECF No. 21). The Court provided a deadline for Defendant to serve a privilege log and allowed that the parties may bring a discovery dispute regarding documents withheld on the basis of privilege to January 4, 2019. The Court also ruled that any other dispute regarding documents produced pursuant to Plaintiffs' Requests for Production, Set One, was time-barred under the Court's Civil Chambers

1

1  Rules. Plaintiffs' motion for clarification of the Court's December 4, 2018,
2  Order was denied on December 10, 2018. (ECF No. 24). Now before the
3  Court is a discovery dispute regarding redactions from documents identified
4  in Defendants' privilege log. (ECF No. 29).

5      This case involves Plaintiffs' deposit of a total of $285,000 into an
6  escrow account maintained by Defendants in connection with a real estate
7  transaction. The transaction was not consummated. Plaintiffs assert that
8  Defendants delayed returning the escrow payments. Ultimately, the escrow
9  deposits were refunded. Plaintiffs seek unredacted copies of Defendants'
10 escrow account records. Defendants have demonstrated that the escrow
11 account in question was the repository of escrow funds for many customers
12 and reflects their identities and transactions. Defendants assert that the
13 identities of other customers and their transactions are confidential under
14 law and, in any event, irrelevant. Defendants assert that the redacted
15 records demonstrate that Defendants always had sufficient funds in the
16 escrow account to refund Plaintiffs' deposits. Plaintiffs assert that the
17 unredacted records may demonstrate that Defendants misused Plaintiffs'
18 funds.

## **LEGAL STANDARD**

20     The Federal Rules of Civil Procedure authorize parties to obtain
21 discovery of "any nonprivileged matter that is relevant to any party's claim or
22 defense and proportional to the needs of the case . . . ." Fed. R. Civ. P.
23 26(b)(1). "Information within the scope of discovery need not be admissible in
24 evidence to be discoverable." *Id.* District courts have broad discretion to
25 limit discovery where the discovery sought is "unreasonably cumulative or
26 duplicative, or can be obtained from some other source that is more
27 convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

Rule 26(b)(5), Fed. R. Civ. P., provides that when a party withholds otherwise discoverable information by claiming privilege or work-product protection, the party must expressly make the claim and provide a sufficient description of the documents to determine the validity of the claim.

## DISCUSSION

The Court is of the view that this dispute is an attempt by Plaintiffs to end-run the Court's earlier ruling that any substantive dispute regarding these Requests for Production is time-barred. But, Defendants opened the door by claiming privacy rights of third parties in its privilege log and reasserting objections based upon relevance. If determined by Defendants

1 not to be relevant, the redacted information should not have been identified
2 in a privilege log.

The threshold issue in discovery is relevance. Discovery in federal cases, by operation of Rule 26(b)(1), is limited to non-privileged information relevant to any party's claim or defense and proportional to the needs of the case. Rule 26(b)(5) requires an express and sufficient claim of privilege only for "otherwise discoverable" information. And, typically, protective orders, such as the one entered in this case, provide protection from use and dissemination of relevant information provided in discovery – they do not eliminate the requirement that information be relevant to be disclosed. (ECF No. 26).

Plaintiffs claim that the identities of other customers whose funds were deposited in this escrow account and disclosure of transactions regarding these customers may identify whether Defendants misused Plaintiffs' funds. The Court finds that Plaintiffs have not demonstrated relevance. Defendants have provided Plaintiffs with redacted statements demonstrating that there was sufficient funds in the escrow account every day to cover Plaintiffs' deposits. Consequently, funds deposited by other customers and the disposition of those funds simply is not relevant. Money in the account was fungible. Only accounting entries served to identify customers' deposits, transfers and refunds. There is no conceivable connection between identifying other customers and their transactions to Plaintiffs' claims.

Moreover, these other customers have the right to have their privacy protected under these circumstances. If the information was otherwise relevant, the Court would engage in the balancing act required to determine whether disclosure, under the provisions of the protective order, was sufficient to protect these third-parties. Having found the information not

relevant, the Court will not engage in the privacy analysis.

## **CONCLUSION**

Plaintiffs' motion to compel, as presented in this Joint Motion, is **DENIED.**

Dated: January 14, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge