# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, DAVID COHEN, KEE PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON NATIONAL TITLE AGENCY, LLC, a Florida limited liability company,<br><br>Defendant. | Case No.: 18-cv-0873-BAS-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF NO. 57]** |

Presently before the Court is Plaintiffs' Motion for Reconsideration of this Court's January 14, 2019 Order. (ECF No. 57). Also before the Court is Defendant Boston National's Opposition to the Motion. (ECF No. 66). The Court finds this Motion suitable for determination on the papers without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Plaintiffs' Motion for Reconsideration.

## I. BACKGROUND

This case involves Plaintiffs' deposit of a total of $285,000 into an escrow account maintained by Defendant in connection with a real estate transaction. The transaction was not consummated. Plaintiffs assert that Defendant delayed returning and possibly misused the escrow funds. Ultimately, the escrow deposits were refunded.

On January 14, 2019, the Court issued an order denying Plaintiffs'

motion to compel the production of Defendant's unredacted escrow account records. (ECF No. 30) ("the Order"). Plaintiffs filed objections to the Order with the District Judge on January 25, 2019. (ECF No. 31). On February 20, 2019, in a related case, Plaintiffs also filed objections to this Court's order quashing a subpoena for the same unredacted escrow account records. (*See* 18-cv-2617, ECF No. 24). In support of the objections in the related case, Plaintiffs provided two expert witness declarations. (*Id.*). The District Judge struck the expert declarations because they were not presented to this Court. (*Id.* at ECF No. 26). In lieu of ruling on the objections without the declarations, the District Judge allowed Plaintiffs to file a motion for reconsideration with this Court. (*Id.*). Plaintiffs filed this Motion for Reconsideration on April 8, 2019 without the expert witness declarations. (ECF No. 57). Defendant filed its opposition to the motion on April 19, 2019. (ECF No. 66).

## II. LEGAL STANDARD

District courts may entertain a motion for reconsideration of an interlocutory order at any time before entry of final judgment. *See* FED. R. CIV. P. 54(b), 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). To determine the merits of a request to reconsider an interlocutory order, the court applies the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F.Supp.2d 958, 968 (S.D. Cal. 2003). Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration may be appropriate where: (1) the movant presents newly discovered evidence; (2) the Court committed clear error or the initial decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *Sch. Dist. No. 1J, Multnomah Cnty. V. ACandS, Inc.*, 5

F.3d 1255, 1263 (9th Cir. 1993).

A party seeking reconsideration must show more than a disagreement with the court's decision. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Cancino-Casteller v. Nielsen*, 338 F. Supp. 3d 1107, 1110 (S.D. Cal. 2018); *see also Jones v. AeroChem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Recapitulation of arguments already considered by the court fails to carry the moving party's burden to show reconsideration is warranted. *See Salem v. FDIC for La Jolla Bank, FSB*, No. 15-cv-1114, 2017 WL 1375616 at *2 (S.D. Cal. 2017).

### III. DISCUSSION

#### A. Summary of the Dispute

Since this dispute first arose, Plaintiffs have argued that they require "completely unredacted" copies of Defendant's escrow account records. (*See, e.g.*, ECF No. 29 at 5). Defendant demonstrated that the escrow account in question was the repository of escrow funds for many customers and reflects details of their identities and transactions. It appears undisputed that Defendants have provided or offered multiple versions of the redacted records. (ECF No. 29 at 5-6; ECF No. 66 at 9).

In the Court's Order, it found that Plaintiffs failed to demonstrate that the redacted identities and transaction details of third party customers whose funds were deposited in the escrow account were relevant to this litigation. (ECF No. 30 at 4-5). The Court noted that Defendant provided Plaintiffs with redacted statements demonstrating there were sufficient funds in the escrow account every day to cover Plaintiffs' deposits. (*Id.*). The Court also reasoned that "the money in the account was fungible[, with] [o]nly accounting entries . . . to identify customers' deposits, transfers and refunds." (*Id.*). Thus, the

1 Court concluded that there was "no conceivable connection between
2 identifying other customers and their transactions to Plaintiffs' claims." (*Id.*).
3 In this motion to reconsider, Plaintiffs repeat the arguments they have
4 already made to this Court. That is, they require "completely unredacted"
5 copies of the escrow account records. To support their motion, Plaintiffs
6 identify new evidence including: (1) two expert witness declarations;[1] and (2)
7 declarations and deposition testimony of two Boston National employees.
8 Defendants oppose the motion because: (1) it is untimely;[2] (2) fails to include
9 supporting declarations or other evidence; and (3) fails to present any new
10 argument as to the relevance of the redacted third party confidential
11 financial information.

## B. Analysis

The burden is on the movant to establish that reconsideration is warranted. Plaintiffs must not only identify new evidence that was not previously available, but they must also demonstrate why that new evidence should cause the court to reverse its prior decision. *See Cancino-Casteller*, 338 F.Supp.3d at 1110. In the Order, the Court determined that the identities of other customers whose funds were deposited in the escrow account and the disclosure of details of those transactions is simply not relevant. As discussed in further detail below, the new declarations do not address the relevance of the third party information to this litigation.

---

[1] The Court notes that the expert declarations were not filed with this motion. Plaintiffs provided ECF references to the purported declarations in a related case. However, those documents were stricken from the record by Judge Bashant. Therefore, the Court had nothing to review in support of this motion. In the interests of efficiency, the Court endeavored to search for and found the declarations through other filings and will consider the motion on the merits.

[2] The Court granted until April 8. 2019 to file the Motion to Reconsider. It is timely. (ECF No. 50).

4

Consequently, the Court concludes that Plaintiffs do not present facts of a strongly convincing nature that demonstrate why the new evidence should cause the Court to reverse its prior order. *See id.*

### 1. Expert Witness Declarations

Plaintiffs retained Brian Bergmark and John Cavin as expert witnesses to analyze the escrow account records. Both experts provided brief declarations stating they need to review "unredacted records." (*See* 18-cv-2617, ECF Nos. 26-1, 26-2). Plaintiffs argue these new declarations require the Court to compel the production of "completely unredacted records." (ECF No. 57-1 at 13).

The Court carefully reviewed the expert declarations. Mr. Bergmark states he needs a complete accounting of the monies held during the period at issue. He states that "[i]n order to determine if [Defendants] held the entirety of Plaintiffs' escrow funds during the period at issue, it is not sufficient to simply show that Boston National maintained a balance in excess of Plaintiffs' escrow funds. [Defendants] must maintain a balance sufficient to cover not only Plaintiffs' escrow funds, but all other customers' escrow funds." (ECF No. 57-1 at 7; s*ee* 18-cv-2617, ECF No. 26-1). Similarly, Mr. Cavin declared that he "reviewed the redacted bank statements . . . and was unable to determine whether [Defendant] had distributed any of Plaintiffs' funds to any other party . . . because the summary information that remained unredacted does not show the transaction-level detail necessary to make that determination." (*See* 18-cv-2617, ECF No. 26-2).

The Court disagrees with Plaintiffs contention that the declarations support the need for "completely unredacted" account records. Both experts agree that they require transaction level detail about the monies deposited and disbursed from the account. They do not explain or claim to need

5

information on the identities of any third parties, which is the information at issue in this dispute.

The Court was not provided with the actual records produced during discovery and during the lengthy meet and confers between the parties. The experts do not explain what version of the records produced by Defendant were reviewed. It is undisputed that Defendant provided Plaintiffs with unredacted account records that include transaction level detail of all transactions relating to Plaintiffs. (ECF No. 66-1 at 3). Defendant also informed the Court that it offered complete transaction level records where only the third party identities and transaction information were redacted and replaced with a "unique identifying moniker for each client." (*Id.*). Defendant claims this allows Plaintiffs to see how many different depositors were involved in the account and when, as well as the amounts of each transaction. (*Id.*). The Court fails to see how this is not the "transaction-level detail" required by the experts.

The expert declarations and Plaintiffs' arguments related to them fail to convince the Court to rethink its prior decision. The expert declarations do not support Plaintiffs' alleged need for "completely unredacted" records. Plaintiffs' arguments do not offer an explanation as to the relevance of the challenged information in the records—i.e., the third party information. Accordingly, Plaintiffs' Motion to Reconsider on the basis of the expert declarations is denied.

**2. Boston National Employee Declarations**

Plaintiffs also argue that the declarations and deposition testimony of Ms. Redfearn and Mr. Lewis require the Court to reverse its Order. (ECF No. 57-1 at 13). Plaintiffs argue that Defendants should be compelled to produce copies of the unredacted account records because Ms. Redfearn and Mr. Lewis

6

testified they rely on those documents for daily accounting purposes. (ECF No. 57-1 at 6, n. 4). The Court is unpersuaded by this argument. The third party information in the records relates to Defendant's own clients. There is no reason for Defendant to use redacted records during the course of its business. The issue is not whether Defendant uses the unredacted records. The issue that Plaintiffs still have not addressed is why the identities of the third parties is relevant to Plaintiffs' litigation. Because Plaintiffs do not offer new evidence or legal arguments that address this issue, they have failed to meet their burden and the Court will not reconsider its previous order on the basis of these declarations.

## IV. CONCLUSION

The evidence in support of Plaintiffs motion fails address the relevance of the third party information to the litigation. Moreover, it fails to present any new argument or fact supporting Plaintiffs broad sweeping claims that they require completely unredacted account records. The experts argue that they need transaction level data. It appears to the Court that the redacted copies of the records that were provided or offered during discovery include transaction level data. Because Plaintiffs fail to meet their burden by providing strongly convincing evidence to support their position, the Court is not persuaded to reconsider its prior decision and does not find that the previous order was clearly erroneous. For the foregoing reasons, Plaintiffs' motion to reconsider is **DENIED.**

Dated: April 30, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge