1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

SOUTHERN DISTRICT OF CALIFORNIA

8

9  HOWARD APPEL, DAVID COHEN,
10 KEE PARTNERS, LLC, a Delaware
   limited liability company,
11                              Plaintiffs,
12 v.
13 BOSTON NATIONAL TITLE
14 AGENCY, LLC, a Florida limited
   liability company,
15                              Defendant.
16

Case No.:  18-cv-0873-BAS-MDD

**ORDER ON *EX PARTE*
APPLICATION  PURSUANT TO
FED. R. CIV. P. 56(d) TO DEFER
CONSIDERATION OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

**[ECF NO. 44]**

17
18      Presently before the Court is Plaintiffs' Ex Parte Application to
19 defer consideration of Defendant's Motion for Summary Judgment and to
20 allow time to take discovery pursuant to Federal Rule of Civil Procedure
   56(d).  (ECF No. 44).  Plaintiffs filed this Ex Parte Application on March 15,
21 2019.  (ECF No. 44).  Defendant filed its opposition on March 19, 2019.  (ECF
22 No. 46).
23

**I.    Background**

24      Discovery opened in this case on August 8, 2018.  (ECF No. 22).
25 Defendant filed its MSJ on March 8, 2019, the deadline to bring such
26 motions.  (*Id.*; ECF No. 42).  Apart from a few outstanding depositions that
27

were the subject of individualized extensions, discovery also closed on March 8, 2019. (ECF No. 22). Despite having seven months to discover facts to support their case, Plaintiffs contend they still require significant additional discovery. Plaintiffs want to, "at a minimum[:]" (1) conduct discovery resulting from the Rule 72 Objections;[1] (2) obtain communications that have allegedly never been produced; (3) depose Keith Lewis regarding his MSJ supporting declaration; (4) review the over 1,000 pages of documents produced by Concierge; and (5) receive and review the transcripts of depositions taken on March 11 and 12, 2019. (ECF No. 44 at 8). Plaintiffs then claim they will need to do any follow-on discovery that results from the proposed discovery. (*Id.*). Plaintiffs request that a new hearing date for Defendant's pending MSJ "be set only after Plaintiffs have received and reviewed the discovery requested." (*Id.* at 13).

In Plaintiffs' Counsel's declaration, Plaintiffs explain that through the above proposed discovery, they seek facts to prove their case. This would include: (1) what happened to their funds while on deposit with Boston National; (2) who had control over the funds; (3) who was giving Boston National direction concerning the funds; (4) why Boston National paid Concierge more deference than it did to Plaintiffs with regard to their funds, and whether or not that deference breached its fiduciary duties to Plaintiffs; and (5) why Boston National did not do more to return Plaintiffs' funds after

---

[1] The unredacted escrow account records have been the subject of significant motion practice in this and related litigation. (ECF Nos. 30, 31, 35, 36, 57, 58, 61, 63, 68; *see generally* 18-cv-2617). This Court denied Plaintiffs' request to compel the production of unredacted account records on January 14, 2019. (ECF No. 30). The Court then denied Plaintiffs' motion to reconsider that order on April 30, 2019. (ECF No. 68). In light of this ruling, Plaintiffs have nothing further to review than what has already been produced. Therefore, these documents cannot form the basis for reopening discovery.

it became clear that the underlying transaction failed. (ECF No. 44-2, ¶ 7). Defendant opposes Plaintiffs' Application because Plaintiffs failed to specifically state the facts they believe will be revealed through additional discovery and how those facts will preclude summary judgment. (*See generally* ECF No. 46).

## II. Legal Standard

District courts have "wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (quoting *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1467 (9th Cir.1985)). Federal Rule of Civil Procedure 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [of a motion for summary judgment]." The court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) is designed to deal with "premature" summary judgment motions, where the nonmoving party has not had a fair opportunity to conduct discovery prior to filing its opposition. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

Relief under Rule 56(d) is not a matter of right. The nonmoving party must provide more than just "[b]are allegations or vague assertions of the need for discovery." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). Instead, they "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).

3

### III.  Discussion

The Court finds that deferring consideration of Defendant's MSJ and granting Plaintiffs an unlimited time to continue their search for facts to support their case is not warranted.  Rule 56(d) is designed to prevent a party from being "railroaded" by an opponent's premature summary judgment motion.  *See Celotex Corp.*, 477 U.S. at 326.  That is not the case here.  Plaintiffs have had more than seven months to complete discovery.

Ninth Circuit case law clearly outlines a party's burden in requesting relief under Rule 56(d).  The party must "*identify the specific facts* that further discovery would reveal and *explain why those facts would preclude summary judgment.*"  *Tatum*, 441 F.3d at 1100 (emphasis added).  Plaintiffs have only identified the general discovery they wish to engage in, described the documents they have not had time to review, and restate the general allegations they must prove to prevail on their claims.  Plaintiffs' opposition to the MSJ was not due until March 25, 2019.  They had sufficient time to identify the specific facts that would likely be revealed by the desired discovery as required under the rule.  They had an opportunity to explain how those facts would preclude summary judgment.  They failed to do so.

Plaintiffs instead claim they cannot inform the Court about any specific facts they seek because that would "surely violate the Attorney Work-Product doctrine."  (ECF No. 44 at 14).  The Court fails to see how explaining the basis for Plaintiffs' request for additional time to complete discovery would violate the work product doctrine.  Therefore, the Court finds Plaintiffs failed to meet their burden under Rule 56(d).

Even if Plaintiffs had met their burden, the Court concludes that Plaintiffs' concerns regarding past discovery or any failure to engage in desired discovery is not good cause to reopen discovery after it has closed.  To

the extent Plaintiffs contest the sufficiency of other discovery already produced, per this Court's Civil Chambers Rule IV. C. 2, discovery disputes must be brought within 30 days or they are waived. A Rule 56(d) request is not a substitute vehicle to bring discovery disputes after the time has lapsed. To the extent Plaintiffs seek new opportunities to discover the facts they need or additional time to review documents already produced, the Court does not find good cause to further delay this case by reopening discovery.

## CONCLUSION

Plaintiffs failed to meet their burden to show that additional time to complete the voluminous discovery sought and the unlimited time in which to review it is warranted. Accordingly, Plaintiffs' Ex Parte Application pursuant to Rule 56(d) is **DENIED**.

In light of Plaintiffs' pending motion for leave to file a first amended complaint, and after conferring with the District Judge, briefing on the MSJ **will remain stayed until further order by the District Judge**. However, no additional discovery will be permitted at this time unless separately authorized by the Court.

Dated: May 9, 2019

_Mitchell D. Heal_
Hon. Mitchell D. Dembin
United States Magistrate Judge

18-cv-0873-BAS-MDD