UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>BOSTON NATIONAL TITLE AGENCY, LLC,<br><br>                            Defendant. | Case No.: 3:18-cv-873-BAS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR ADDITIONAL AND LIMITED WRITTEN DISCOVERY**<br><br>**[ECF No. 113]** |

      Before the Court is the parties' Joint Motion and Stipulation for Additional and Limited Written Discovery. ECF No. 113. The parties each request to propound 25 additional interrogatories, 25 additional requests for admission, and 25 additional requests for production. *Id*.

      A party may serve on any other party no more than 25 written interrogatories and 25 requests for admission. Fed. R. Civ. P. 33(a)(1); CivLR 36.1(a). However, "parties may stipulate that . . . other procedures governing or limiting discovery be modified." FED. R.

Civ. P. 29(b). Rule 29 was revised "to give greater opportunity for litigants to agree upon modifications to the procedures governing discovery or to limitations upon discovery. . . . [such as] when more depositions or interrogatories are needed than allowed under the[] rules . . . they can, by agreeing to the additional discovery, eliminate the need for a special motion addressed to the court." Fed. R. Civ. P. 29 advisory committee's notes to 1993 amendments. "Under the revised rule, the litigants ordinarily are not required to obtain the court's approval of these stipulations. By order or local rule, the court can, however, direct that its approval be obtained for particular types of stipulations." *Id*. Here, the Civil Local Rules for the Southern District of California require that any party desiring to serve additional interrogatories or requests for admission over the 25 originally permitted "must submit to the court a written motion setting forth the proposed additional interrogatories [and requests for admission] and the reasons establishing good cause for their use." CivLR 33.1(a); CivLR 36.1(a).

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that Defendant has already served all of its allowable interrogatories and requests for admission, and Plaintiffs have already served a significant portion of their allowable interrogatories and requests for admission. ECF No. 113 at 3. Given that Plaintiffs' third amended complaint raises additional claims which were not contemplated in previous discovery, the parties agreed to each side serving another round of written discovery, including 25 interrogatories and 25 requests for admission. *Id*. at 4.

Upon a review of the docket,[1] the Court finds that the parties' request is excessive. Though the parties represent that their request is meant "to also limit the volume of additional discovery at this stage of the case" and "will facilitate the remaining discovery on the new issues without burdening the Parties or the Court with excessive discovery," the Court does not find that 25 additional interrogatories and 25 additional requests for admission are warranted. ECF No. 113 at 4. The parties provided no demonstration of diligence, or other reasoning beyond the additional claims in the third amended complaint, for the Court to find good cause.[2] Upon a thorough review of the record, the instant joint motion, the new causes of action in the third amended complaint, and the order granting in

---

[1] In their original complaint, Plaintiffs' alleged the following causes of action: breach of fiduciary duty, negligence, and accounting. ECF No. 1. Discovery proceeded, including a multitude of discovery disputes, *for approximately 9 months*, from August 8, 2018 to at least May 17, 2019. ECF Nos. 14, 22, 39, 60, 72, 74, 75, 78. Discovery was then put on hold while the parties litigated Defendant's motions to dismiss Plaintiffs' amended complaints. *See* ECF No. 72 (On May 17, 2019, "the Court grants the parties leave to re-open discovery pertaining only to the new claims in Plaintiffs' amended complaint"); ECF No. 73 (first amended complaint); ECF No. 77 (motion to dismiss first amended complaint); ECF No. 84 (second amended complaint); ECF No. 87 (motion to dismiss second amended complaint); ECF No. 99 (third amended complaint); ECF No. 101 (motion to dismiss third amended complaint); ECF No. 106 (order granting in part Defendant's motion to dismiss); ECF No. 108 (answer); ECF No. 110 (third amended scheduling order). In Plaintiffs' operative, third amended complaint, they incorporated six additional allegations, including: violation of California's unfair competition law, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, violation of California's false advertising law, and conversion. ECF No. 99. However, many of these new causes of action were significantly limited by the Court's order granting in part Defendant's motion to dismiss. *See* ECF No. 106 at 7–16. After holding a status conference with the parties (ECF No. 109), and based on the representations of counsel, the Court issued its operative amended scheduling order, which provided a maximum of three additional months to conduct discovery pertaining to the new claims in Plaintiffs' amended complaint that survived Defendant's motion to dismiss. ECF No. 110 at 2.

[2] Further, by failing to provide text of the desired additional discovery requests, the parties' joint motion failed to comply with this district's local rules, which require that the parties "submit to the court a written motion *setting forth the proposed additional interrogatories*

part Defendant's motion to dismiss, the Court hereby finds that propounding 10 additional interrogatories and 10 additional requests for admission is appropriate. The Court also reminds the parties of their duty to supplement. *See* FED. R. CIV. P. 26(e)(1) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect …").

Thus, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' joint motion (ECF No. 113). **Each side** (Plaintiffs, collectively on one side, and Defendant, on the other side) **may serve an additional round of written discovery comprised of up to a total of 10 interrogatories, 10 requests for admission, and 25 requests for production**.[3]

**IT IS SO ORDERED**.

Dated:  July 28, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

*[and requests for admission]* and the reasons establishing good cause for their use." CivLR 33.1(a) (emphasis added); CivLR 36.1(a).

[3] Though the parties acknowledge that the Federal Rules and Local Rules do not limit the number of requests for production propounded, pursuant to the parties' stipulation, the parties' joint motion and proposed order both seek an order from the Court limiting each side to 25 requests for production. ECF No. 113 at 3–4; Email to Chambers (July 24, 2020 at 12:09 p.m.).