UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>BOSTON NATIONAL TITLE AGENCY, LLC,<br><br>              Defendant. | Case No.: 3:18-CV-0873-RSH-AHG<br><br>**ORDER DENYING MOTION TO STRIKE ANSWER TO AMENDED COMPLAINT**<br><br>**[ECF No. 112]** |

On July 15, 2020, Plaintiffs filed a motion to strike portions of Defendant Boston National Title Agency, LLC's ("Boston National's") Answer to Plaintiffs' Third Amended Complaint ("TAC"). ECF No. 112. The motion is directed to seven specific statements in Boston National's Answer, in each of which Boston National has stated, in substance, that it "conducts business in the state of California through BNT Title Company of California." E.g., ECF No. 108 at ¶¶ 7–8.[1] Plaintiffs contend that these statements are "immaterial" and "impertinent" because the statements "have no essential or important relationship to the

---

[1]     According to Plaintiffs' TAC, BNT Title Company of California is a "sister company" of Boston National. ECF No. 99, at 4.

Plaintiffs' claim for relief, and they do not pertain and are not necessary to the issues in question in the case." ECF No. 112-1 at 9–10.

Under Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Motions to strike are generally disfavored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (quoting *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005)). On a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *Id.*

Plaintiffs have not shown that the matter to be stricken could have no possible bearing on the subject matter of the litigation. The TAC alleges that: (1) Boston National "is neither licensed to do business in California nor is it licensed as an escrow agency, making its escrow activities unlawful," ECF No. 99 at 15; (2) Boston National "provided false and misleading advertisements that it was licensed to do business in the State of California," *id.* at 2; (3) Boston National fraudulently represented to Plaintiffs "that it could lawfully conduct business and perform escrow services in California," *id.* at 19; and (4) "although Boston National may have honestly believed that its representations were true, it had no reasonable grounds for believing their truth," *id.* at 20.

Given Plaintiffs' allegations, if Boston National indeed "conducts business in the state of California through BNT Title Company of California"—the objectionable language in Boston National's Answer—that fact may bear on the issues in the case as Plaintiffs have framed them. This includes whether Boston National is in fact authorized to conduct business in California through a "sister company"; and, if Boston National is

not so authorized, whether Boston National knew it was not so authorized, or had reasonable grounds to believe that it was authorized.

Plaintiffs also argue that the matter to be stricken reflects Boston National's noncompliance with Federal Rule of Civil Procedure 8(b), which requires a party to "admit or deny the allegations asserted against it by another party." The Court is mindful of the requirements of Rule 8, but given Plaintiffs' allegations in the TAC, the Court declines to strike the language at issue, and notes that Plaintiffs have had the opportunity in discovery to pursue the precise admissions they seek.

For the foregoing reasons, Plaintiffs' motion (ECF No. 112) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 15, 2022

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge